```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**SAMUEL SIEKER,**

       **Plaintiff,**

  vs.                                   **Civil Action 2:05-CV-1078**

                                             **Magistrate Judge King**

**MOHAWK INDUSTRIES, INC.,**
*et al.*,

       **Defendants.**

## OPINION AND ORDER

       This is an employment action in which plaintiff, proceeding with the assistance of counsel, alleges that, while assigned by a temporary employment agency to work at defendant Mohawk Industries, Inc. ("Mohawk"), he was subjected to racial harassment and retaliation by the individual defendants, Travis Monroe and Ron Ullman ("the individual defendants"), which was not corrected by Mohawk and that he was discriminated against when Mohawk failed to hire him as a permanent employee.  Plaintiff asserts claims under Title VII, 42 U.S.C. §2000e-5, and supplemental state law claims of negligent supervision and retention, a claim under O.R.C. §4112.02, .99, and a claim of infliction of emotional distress.  With the consent of the parties, 28 U.S.C. §636(c), this matter is now before the Court on the motion for partial judgment on the pleadings filed pursuant to F.R.Civ.P.12(c) on behalf of the individual defendants, Doc. No. 32.  There has been no response to the motion.  For the reasons that follow, the motion is granted.

       The motion asks that claims one through four of the amended complaint be dismissed as against the individual defendants.  Claims one and three present claims of discrimination and retaliation under Title VII, 42 U.S.C. §2000e-5; claim two presents a claim of negligent

supervision and retention; and claim four presents a claim of discriminatory failure to hire under O.R.C. §4112.02. None of these claims appears to be asserted against either of the individual defendants.[1]

An individual who does not qualify as an "employer" cannot be held personally liable under Title VII. *Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir. 1997). To the extent that the amended complaint can be read as asserting a claim against the individual defendants under Title VII, the individual defendants are entitled to judgment.

Ohio law governing a claim of negligent hiring or retention has been summarized as follows:

> A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent.

*Abrams v. Worthington*, __ Ohio App.2d __ , 2006 WL 3008464 (October 24, 2006)(quoting *Restatement of Law 3d*, "Agency" (2006), Section 7.05(1)). A fair reading of the amended complaint makes clear that the individual defendants are the employees of whom plaintiff complains; they are not alleged to have been the employer which allegedly negligently hired or retained them. To the extent that the amended complaint asserts a claim of negligent hiring or retention against the individual defendants, these defendants are entitled to judgment.

Although supervisory employees may be liable under O.R.C. §4112.02, *Genaro v. Central Transport, Inc.*, 84 Ohio St. 2d 293 (1999), syllabus, Ohio courts have declined to extend the reach of §4112.02 to

---

[1] Claim five, which presents a claim of intentional infliction of emotional distress, makes express mention of the individual defendants as well as of their employer. The motion for judgment on the pleadings does not address this claim.

2

non-supervisory employees. *Minnich v. Cooper Farms, Inc*., 39 Fed. Appx. 289 (6th Cir. 2002)(unpublished). The individual defendants are not alleged to have occupied a supervisory position over plaintiff. Accordingly, to the extent that the amended complaint asserts a claim under O.R.C. §4112.02 against the individual defendants, they are entitled to judgment.

**WHEREUPON** the motion for judgment on the pleadings, Doc. No. 32, is **GRANTED**.

November 6, 2006     *s/Norah McCann King*
              Norah M$^c$Cann King
              United States Magistrate Judge